537 S.E.2d 276

**In the Matter of Willard Vandy HUSKEY, Respondent.**

**No. 25194.**

Supreme Court of South Carolina.

Submitted Aug. 1, 2000.

Decided Sept. 11, 2000.

Henry B. Richardson and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

Willard Vandy Huskey, pro se.

PER CURIAM:

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an agreement under Rule 21, RLDE, Rule 413, SCACR.[1] In the agreement, respondent admits misconduct and consents to disbarment from the practice of law. We accept the agreement for disbarment. The facts in the agreement are as follows.

### Client Files

Respondent worked at the Henson Law Firm (Firm) as an Equity Associate until November 1998. Although respondent does not recall retaining client files, respondent's wife brought a box of respondent's case files into the Firm after respondent was discharged. Respondent was not aware of his wife's actions.

---

[1]. Respondent was suspended from the practice of law by this Court on June 12, 2000, for failure to pay license fees.

## Social Security Matter

Respondent represented a client in a Social Security disability action for Supplemental Security Income (SSI) and Social Security Disability (SSD). The client was awarded SSI in the fall of 1997. Respondent billed the client for 25% of his past due SSI benefits because the Social Security Administration does not withhold attorney fees out of SSI awards. Client forwarded a cashier's check in the amount of $1,452 payable to respondent on October 22, 1997. Client was later awarded SSD, and the Social Security Administration withheld $4,000 as attorney's fees out of the client's past due benefits.

In April 1998, the client tried to get a refund of the $1,452 from respondent without any success. The Firm's manager investigated, but could find no records of the $1,452 being deposited into the firm escrow account. Respondent gave misleading statements to the office manager about whether he would resolve the matter personally. Respondent admitted to cashing the client's check and converting all of the money for his own personal use. Respondent falsely stated that he refunded the $1,452 to the client after he received the $4,000 from the Social Security Administration. Respondent accused the client's wife of stealing the check and cashing it without client's knowledge. He produced an altered cancelled check for the $1,452 he had allegedly refunded to the client. However, there was no date on the back of the cancelled check where it had been processed by the bank. Respondent subsequently refunded the $1,452 out of his personal funds.

## Failure to Prosecute

Respondent prepared a Summons and Complaint on behalf of a client. The Summons and Complaint was served approximately thirty days after its filing. The case was later dismissed for failure to prosecute one year after the filing of the case.

## Statute of Limitations

Respondent failed to terminate representation of a client in a matter which lacked merit. Respondent also failed to advise this client that the statute of limitations was about to expire.

Respondent then failed to take action within the statute of limitations.

### Tennessee Action

Respondent represented a client involved in a motor vehicle accident in Tennessee. Respondent failed to file suit or associate a Tennessee lawyer to file suit, within the statute of limitations.

### Failure to Appear

Respondent represented another client involved in a motor vehicle accident which occurred on April 10, 1994. Respondent filed suit in Newberry County on April 10, 1997. Opposing counsel filed a Motion to Dismiss the action, arguing that the statute of limitations had run on the action. Respondent did not appear at the hearing on the Motion to Dismiss. · The court was unable to contact respondent at the time of the hearing, despite having given him proper notice of the hearing. Respondent went on vacation at the time of the hearing, but he failed to protect his absence by notifying the court or the opposing party. The court issued an order allowing respondent ten additional days to prove that the statute of limitations had not expired. Respondent did not respond to the court. The client's case was dismissed with prejudice.

### Settlement Funds Matter

Respondent represented a client· in a matter which was settled for $15,000. Prior to receiving the money, respondent allegedly loaned the client $10,000 without reducing the transaction to writing or suggesting that the client consult independent counsel. He failed to have the client sign a release in this matter. Respondent has no documentation to support his assertion that he loaned the client the funds.

A check was later issued which was payable to the client and respondent. The draft was endorsed and negotiated. None of the funds were deposited into the client escrow account at the Firm or at any other firm's escrow account. On June 30, 1998, the entire $15,000 was deposited into a passbook savings account at First Federal Bank, in the name of another client or "W. Vandy Huskey, her Attorney." This

was not a trust or escrow account, and the other client named on the passbook savings account was unrelated to the client awarded the $15,000.

With the $15,000 in his personal account, respondent considered $10,000 of the funds to be reimbursement for the loan to the client. He later disbursed $2,000 to the client and converted the remaining funds to his personal use. Respondent failed to reduce that transaction to writing, failed to suggest that the client consult independent counsel about the transaction, and has no written documentation to support his claim that the funds were disbursed in that manner.

On July 15, 1998, respondent transferred $12,000 from the passbook savings account to a joint checking account he held with his wife. Respondent purchased an automobile with those funds. The balance in the joint account held with petitioner's wife remained below $12,000 until December 31, 1998, when a cash deposit occurred unrelated to this case.

*Passbook Account Matters*

Respondent represented two clients injured in a motor vehicle accident which occurred in 1994. Respondent settled their cases independent of the Firm and without notice to the Firm. Respondent cannot locate these clients files nor any records of the financial transactions related to the cases.

Respondent received a settlement check for the first client for $250,001. He deposited those funds into the passbook savings account he had opened jointly in the client's name and his name at First Federal Bank, not in the Firm escrow account or any other trust account. Respondent entered several false entries on the disbursement sheet. He disbursed a fee of $73,000 to "your firm for legal services." The disbursement sheet also showed disbursements to the Firm of $295 for legal expenses and $243.53 for records. None of these funds went to the Firm.

Respondent also indicated on the disbursement sheet that $12,677.60 was "to be held in trust." Of those funds, respondent disbursed only $1,215.12 to the client and converted the remainder to his own use. Respondent failed to answer two letters from Cost Recovery Systems, Inc., seeking reimburse-

ment to a medical benefits plan from the proceeds of monies recovered from third parties.

Respondent settled the second client's case for $90,000. He handled her case similar to the first client, using a passbook system account and taking a fee from that account independent and outside of the Firm.

### Failure to Cooperate with Investigation

Respondent was contacted by letter on November 12, 1999, on January 27, 2000, and on February 9, 2000, requesting that he contact and make an appointment with the Attorney to Assist in the investigation of these matters. The Attorney to Assist filed his report with the Commission on Lawyer Conduct on February 15, 2000. Respondent did not contact the Attorney to Assist as of the date of that report.

After an informal meeting with agents of the Attorney General's office, respondent was instructed to verify the identity of the account into which the $15,000 from the Settlement Funds Matter had been deposited. Respondent stated that the funds had been deposited into a personal account at Wachovia Bank. Respondent was served a Notice to Appear, and a hearing was held on June 20, 2000. Respondent falsely testified under oath that the $15,000 from the Settlement Funds Matter was deposited into an account at First Federal Bank in the name of "W. Vandy Huskey" only. Respondent failed to identify the other client's name as being on that account.

### Conclusion

By his actions, we find that respondent violated numerous provisions of the Rules of Professional Conduct contained in Rule 407, SCACR. Respondent failed to act with reasonable diligence and promptness in representing his clients. Rule 1.3. He failed to keep his clients informed about the status of their cases or comply with requests for information and failed to keep clients informed to the extent necessary to permit the client to make informed decisions regarding the representation. Rule 1.4(a) and (b). Respondent entered into prohibited business transactions with a client without giving the client a reasonable opportunity to seek the advice of independent

counsel. Rule 1.8. He failed to maintain his clients' funds separate from his own funds, failed to keep complete records of such account funds, failed to promptly inform the client when funds were received by him, failed to promptly deliver the funds to the client, and failed to obtain an accounting and severance of respondent's interest in the funds from the clients' interests. Rule 1.15(a), (b), and (c). Respondent failed to properly withdraw from representation of a client where the representation would result in a violation of the rules or the lawyer is discharged. Rule 1.16(a)(1), (2), and (3). He failed to make reasonable efforts to expedite litigation consistent with the interests of the client. Rule 3.2. Respondent knowingly made a false statement of material fact to a third person in the course of representing a client. Rule 4.1(a). Respondent knowingly made a false statement of material fact and knowingly failed to respond to a lawful demand for information from a disciplinary authority. Rule 8.1(a) and (b). Respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation. Rule 8.4(a), (b), and (d).

Respondent has also violated Rules 7(a)(1), (3), (5) and (6) of the RLDE, Rule 413, SCACR. Based on these violations, we find that respondent should be disbarred.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

DISBARRED.