## S02A1274. SHAHEED v. THE STATE.
(578 SE2d 119)

FLETCHER, Chief Justice.

Farah Mahmood Shaheed appeals the trial court's denial of the motion to withdraw his guilty plea. Because Shaheed was not entitled to withdraw his plea as a matter of right and he has not demonstrated that the denial of his motion constitutes manifest injustice, we affirm.

On July 3, 2000, Shaheed entered an *Alford*[1] plea to felony murder and aggravated assault by shooting in connection with an armed robbery and the shooting death of Le-Andre Barnes.[2] The trial court sentenced Shaheed to life imprisonment under the First Offender Act.[3] Shortly after sentencing, Shaheed filed a motion to withdraw his guilty plea, and the same day, the trial court eliminated the first offender portion of the sentence. Shaheed appealed, and this Court reversed in *Shaheed v. State*,[4] (*Shaheed I*) concluding that the amendment of the sentence in Shaheed's absence was impermissible.

1. Shaheed contends that upon this Court's remand he had an absolute right to withdraw his guilty plea under OCGA § 17-7-93 (b). Although OCGA § 17-7-93 (b) grants an absolute right to withdraw a guilty plea prior to sentencing, Shaheed remained under a life sentence following *Shaheed I*. As this Court expressly noted, the removal of the first offender portion of the sentence was an amendment to the sentence.[5] Therefore, the trial court did not err in refusing to allow the withdrawal of the guilty plea under OCGA § 17-7-93 (b).

2. Shaheed also contends that the trial court erred in denying his motion to withdraw his guilty plea. The standard for withdrawal of a guilty plea following sentencing is "manifest injustice."[6] Shaheed argues that he did not understand that his guilty plea to felony murder mandated a life sentence. He also argues that his plea was

---

[1] *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970).

[2] The facts are more fully stated in this Court's affirmance of the conviction of Shaheed's co-defendant in *Reynolds v. State*, 275 Ga. 548 (569 SE2d 847) (2002). The State nolle prossed charges against Shaheed for malice murder, armed robbery, aggravated assault with intent to rob, and possession of a firearm in the commission of a felony, and dismissed two indictments arising out of unrelated incidents.

[3] OCGA § 42-8-60.

[4] 274 Ga. 716 (559 SE2d 466) (2002).

[5] Id. at 717.

[6] *State v. Evans*, 265 Ga. 332, 336 (454 SE2d 468) (1995); USCR 33.12.

coerced because he lacked faith in his trial counsel and felt pressure from his family and the ongoing jury selection for the trial. The record from the hearing on the motion to withdraw the plea shows that Shaheed's counsel told him numerous times that the mandatory sentence for felony murder was life imprisonment, with the possibility of parole after 14 years, but there was no guarantee of any parole. The record of the plea hearing shows that Shaheed expressed satisfaction with his counsel and that his plea was voluntary. Therefore, we conclude that the trial court did not err in denying the motion to withdraw the guilty plea.

3. Shaheed also contends that he received ineffective assistance of counsel in entering his guilty plea because his trial counsel misled him about the applicability of first offender treatment and failed to inform him that he would receive a life sentence. The record from the hearing on the motion to withdraw the guilty plea, however, shows that Shaheed had already decided to plead guilty prior to raising the issue of first offender treatment and that counsel told Shaheed he did not think first offender treatment was possible for felony murder.[7] Additionally, the record shows that counsel did adequately inform Shaheed about the mandatory nature of the life sentence. Therefore, we conclude that Shaheed has failed to establish ineffective assistance of trial counsel.[8]

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 10, 2003.

*Lawrence Lewis*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Anne E. Green, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jill M. Zubler, Assistant Attorney General*, for appellee.

---

[7] First offender treatment is not available for a murder charge. OCGA § 17-10-6.1 (a) (1), (b).

[8] *Hill v. Lockhart*, 474 U. S. 52 (106 SC 366, 88 LE2d 203) (1985) (in context of a guilty plea, ineffective assistance of counsel is established by showing that counsel's performance fell below an objective standard of reasonableness and that but for counsel's errors, there is a reasonable probability that the defendant would not have pled guilty).