## A04A0085. YOUNG v. THE STATE.
### (598 SE2d 840)

MIKELL, Judge.

Gregory Paul Young entered a nonnegotiated guilty plea to enticing a child for indecent purposes, statutory rape, three counts of child molestation, two counts of aggravated child molestation, and two counts of sexual exploitation of children. He was sentenced to 30 years, 18 in confinement and 12 on probation. The prosecutor stated at the plea hearing that if the matter went to trial, she intended to introduce evidence showing that between July and November 2002, Young, who was 37 years old, had sexual intercourse almost nightly with his 13-year-old niece; that he filmed the sexual activities; that he gave her drugs to keep her awake all night; that he gave her a picture of his penis to take to school; and that he gained access to her by sneaking her out of her house. Young admitted each of these acts and begged for forgiveness. Subsequently, Young filed a motion to withdraw his plea. He brings this appeal from the denial of that motion. We affirm.

In his sole enumeration of error, Young argues that his plea was not knowingly and voluntarily entered because his counsel did not advise him of the charges or the evidence against him, or of the consequences of his plea.

> When a defendant enters a plea of guilty, and subsequently challenges the validity of the guilty plea, the state may meet its burden of demonstrating that the plea was intelligently and voluntarily entered by showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea. The trial court is the final arbiter of all factual issues raised by the evidence, and after sentence is pronounced a guilty plea may be withdrawn only to correct a manifest injustice.[1]

The trial court's ruling on a motion to withdraw a guilty plea will not

---

[1] (Citation, punctuation and footnote omitted.) *Brown v. State*, 259 Ga. App. 576, 577 (578 SE2d 188) (2003), citing *Cazanas v. State*, 270 Ga. 130, 131 (508 SE2d 412) (1998).

be disturbed on appeal absent a manifest abuse of discretion.[2] In the case at bar, the court did not abuse its discretion in refusing to allow Young to withdraw his plea.

At the plea hearing, Young testified in response to the prosecutor's questioning that he understood all of the charges and ranges of punishment associated with each charge; that he understood all of the rights he was waiving by pleading guilty, including the right to a trial where he could bring witnesses to testify; that by pleading guilty he was making an honest confession to the court; that he was satisfied with the services rendered by his counsel; that because the prosecutor and defense counsel could not reach a negotiated plea agreement, sentencing would be in the discretion of the court; that the court would sentence Young within the range of punishment explained to him; and that he was not under the influence of any drugs, alcohol, or prescription medications. The court then addressed Young, asking him whether he was satisfied with counsel's services and whether he understood that he was giving up all of the rights he would have at a jury trial. Young answered each question affirmatively. The court found that Young had knowingly and voluntarily waived his right to trial by a jury, that he understood the nature of the charges pending against him, and that he freely and voluntarily entered a plea of guilty.

At the hearing on the motion to withdraw his plea, Young claimed his "mind was gone" at the plea hearing and that he did not know that he was entering a plea. He also claimed his attorney never advised him of the charges against him. His counsel, however, testified that he met with Young three times; that they discussed the facts of the case; that he advised Young of the charges against him and showed him copies of the sexually explicit photographs that the prosecutor intended to introduce into evidence; that Young offered counsel no factual defense; and that the victim confirmed that he had given her a dildo and pornographic materials, which her mother found in her bedroom. Counsel also testified that he explained to Young what a nonnegotiated, or "blind" plea involved; that the prosecutor recommended that Young serve 30 years, but based on counsel's arguments concerning Young's military service and lack of criminal record, he was sentenced to only 18 years to serve. Counsel believed that Young entered his plea knowingly and voluntarily.

As the final arbiter of the facts, the trial court was authorized to reject Young's self-serving testimony during the hearing on his motion to withdraw the plea and find that he entered it knowingly

---

[2] *Brown*, supra at 577.

and voluntarily.[3] Accordingly, the trial court did not abuse its discretion in denying the motion to withdraw the plea.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED APRIL 14, 2004.

*John R. Greco*, for appellant.

*Peter J. Skandalakis, District Attorney, Anne C. Allen, Assistant District Attorney*, for appellee.

[3] Id. at 578. See also *Thornton v. State*, 180 Ga. App. 274, 275 (349 SE2d 23) (1986).