## A05A0908. TRIMBLE v. THE STATE.
(618 SE2d 163)

MILLER, Judge.

Deontae Trimble appeals from his guilty plea concerning an armed robbery, arguing that the trial court erred in denying his motions to withdraw his plea and to modify his sentence and that he received ineffective assistance of counsel. We find no error and affirm.

The record shows that after lengthy discussion and negotiation, and with the assistance of counsel, Trimble pled guilty to the armed robbery of a beauty supply store in which he used a stun gun to subdue and rob a cashier. Trimble received a sentence of ten years to serve.

Trimble then retained new counsel, who filed motions to withdraw the plea and to modify the sentence. At the hearing on these motions, new counsel argued that (1) the trial court had coerced Trimble into pleading guilty by telling him off the record that he would receive twenty years if he went to trial and was found guilty; (2) Trimble's sentence was unjust in light of the fact that his co-conspirator had received a sentence of ten years probation; and (3) Trimble's trial counsel had been ineffective. The trial court denied making any such statement to Trimble, on or off the record, and then recused himself from ruling on Trimble's motions.

The hearing on Trimble's motions was rescheduled for October 15, 2004. On October 4, new counsel filed a motion for continuance and notice of conflict. When the case was called on October 15, new counsel was not present. The trial court then reviewed the notice of conflict and determined that it violated Uniform Superior Court Rule 17.1 because the cases giving rise to the supposed conflict postdated Trimble's case. The trial court ordered that new counsel be called and given one hour to appear. When new counsel failed to appear, the trial court denied Trimble's motions. Trimble now appeals with 13 enumerations of error, all of which ultimately assert either the erroneous denial of his motions or the ineffectiveness of counsel.

1. In ten enumerations, Trimble contends that the trial court erred in denying his motions to withdraw his guilty plea and to modify his sentence. We disagree.

A guilty plea cannot be withdrawn after sentencing unless allowing it to stand would be a "manifest injustice." See *Shaheed v. State*, 276 Ga. 291, 291-292 (2) (578 SE2d 119) (2003). We will not disturb a trial court's ruling on a motion to withdraw a plea in the absence of a manifest abuse of discretion. *Ramsey v. State*, 267 Ga. App. 452 (600 SE2d 399) (2004).

The trial court did not err when it denied Trimble's motions on the ground that new counsel's conflict letter failed to comply with USCR 17.1. See *Withrow v. Withrow*, 278 Ga. 525, 525-526 (1) (603

SE2d 276) (2004) (prioritization of cases under Rule 17.1 cannot be changed without agreement of presiding judge in each case); *Jones v. State*, 276 Ga. 171, 173 (575 SE2d 456) (2003) (unauthorized request for leave of absence amounts to waiver of right to hearing on motion for new trial). Moreover, even if we were to consider the merits of Trimble's motion to withdraw, the trial court took every opportunity to insure that his guilty plea, including the sentence negotiated for him by trial counsel, was both knowing and voluntary. There was neither manifest injustice nor an abuse of discretion here (see *Ramsey*, supra, 267 Ga. App. at 453-454), and it therefore follows that there could have been no error in denying Trimble's motion to modify the legally appropriate sentence connected to his guilty plea.[1] See OCGA § 16-8-41 (b) (setting out ten-year minimum sentence for armed robbery).

2. In his three remaining enumerations, Trimble argues that trial counsel rendered ineffective assistance by failing to properly inform him regarding his guilty plea, by failing to file a motion to recuse the trial judge, and by failing to comply with USCR 17.1 in the course of an attempt to show the existence of a conflict with the hearing date. Again, we disagree.

"To prove an ineffective assistance of counsel claim, [a] defendant must show that trial counsel performed deficiently and that the result of the trial would have been different but for the deficiency." *Fargason v. State*, 266 Ga. 463, 465 (4) (467 SE2d 551) (1996), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). "[A] strong presumption exists that trial counsel performed within the wide range of reasonable professional assistance. [A] trial court's determination that [a defendant] was afforded effective assistance of counsel will not be reversed on appeal unless it was clearly erroneous." (Citations omitted.) *Turner v. State*, 245 Ga. App. 294, 295 (4) (536 SE2d 814) (2000).

(a) "When a person indicates a desire to enter a guilty plea, the duty of counsel is limited to ascertaining whether the decision so to plead is voluntarily and knowingly made." (Citation and punctuation omitted.) *Walker v. Hopper*, 234 Ga. 123, 125 (1) (214 SE2d 553) (1975); see also *David v. State*, 261 Ga. App. 468, 470 (1) (583 SE2d 135) (2003). Trimble has presented no evidence to show that trial counsel breached this duty. On the contrary, before entering his plea, Trimble affirmed that his attorney had explained the consequences of entering a plea to him, and responded affirmatively to the trial court's

---

[1] Trimble's attempts to challenge this ultimate outcome by means of enumerations relating to alleged trial court bias and supposed improper procedures are likewise without merit. There is no evidence of record to support either his allegations of bias or the conclusion that improper procedures affected the outcome of his case.

inquiry as to whether he was satisfied with his attorney's representation. Since, as we have held in Division 1, Trimble's guilty plea was knowing and voluntary, his claims that counsel was ineffective in the course of obtaining or contesting that plea are without merit. *Thompson v. State*, 208 Ga. App. 825 (432 SE2d 250) (1993).

(b) Trimble's claims that trial counsel was ineffective for failing to file a motion to recuse and for failing to comply with USCR 17.1 are also without merit. There is no evidence that Trimble was prejudiced by trial counsel's failure to file a motion to recuse, just as there is no evidence that recusal would have been justified here. See *Johnson v. State*, 260 Ga. App. 413, 419 (3) (b) (579 SE2d 809) (2003) (counsel cannot be found ineffective for bringing meritless motion to recuse). Moreover, since Trimble's motion to withdraw his guilty plea lacked merit, trial counsel's alleged failure to comply with USCR 17.1 has no bearing on the outcome of this case.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JULY 21, 2005.

*Lloyd J. Matthews*, for appellant.

*William T. McBroom, District Attorney, Daniel A. Hiatt, Cindy L. Spindler, Assistant District Attorneys*, for appellee.