## A07A0214. MOORE v. THE STATE.
### (648 SE2d 451)

PHIPPS, Judge.

Samuel Moore pled guilty to the charge of selling cocaine. After sentencing, he moved to withdraw his plea on grounds that he had not entered it intelligently and voluntarily and that he had received ineffective assistance of counsel. After a hearing, the trial court denied Moore's motion. Moore appeals, but has shown no error. We affirm.

Once a sentence has been entered, a guilty plea may be withdrawn only to correct a manifest injustice.[1]

> The test for manifest injustice will by necessity vary from case to case, but it has been said that withdrawal is necessary to correct a manifest injustice if, for instance, a defendant is denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges.[2]

In the absence of a manifest abuse of discretion, a trial court's ruling on a motion to withdraw a guilty plea will not be disturbed.[3]

1. Moore contends that the state failed to show that he entered the plea intelligently and voluntarily.

> When a defendant challenges the validity of his guilty plea, the State bears the burden of showing that the defendant intelligently and voluntarily entered the plea. The relevant inquiry is whether the defendant freely and voluntarily entered the plea with an understanding of (1) the charges

---

[1] *Maddox v. State*, 278 Ga. 823, 826 (4) (607 SE2d 587) (2005).

[2] Id. (citation and punctuation omitted).

[3] *Trimble v. State*, 274 Ga. App. 536 (1) (618 SE2d 163) (2005).

against him and (2) the consequences of his plea. The State may meet its burden through the use of the transcript of the guilty plea hearing or through the use of extrinsic evidence to fill a silent record.[4]

At the hearing on Moore's motion to withdraw his guilty plea, the state cited and the trial court considered the transcript of Moore's guilty plea hearing, which showed the following. Moore's guilty plea hearing was held the day on which his trial was scheduled. Responding to the court's questions, Moore stated that he was 46 years old; was not under the influence of any drugs or alcohol; could understand, read, and write the English language; had earned a GED; was represented by an attorney; and was satisfied with his attorney's services. Further, Moore stated that he understood the charge against him; knew that he had the right to trial by jury, which right would be waived by his plea of guilty; and understood that the court could sentence him, notwithstanding his plea agreement with the state, to a maximum sentence of "life in the penitentiary without the possibility of parole." Moore also stated that no one had threatened or forced him to plead guilty and that he was not pleading guilty because of any promise of leniency.

The prosecutor recited facts underlying the charge; cited various recidivist statutory provisions implicated by Moore's four prior felony convictions, such that Moore could be sentenced to life without the possibility of parole; reported that Moore's guilty plea was, however, a negotiated one; and then announced the state's recommendation that Moore be sentenced to "30 years, the first 20 to be served in custody, the remainder to be on probation," with special drug conditions and a fine.

Moore and his attorney each told the court that the defense had no disagreement with the prosecutor's recitation of the facts and had nothing to add to it. Moore and his attorney also each affirmed to the court that the sentencing recommendation was what the defense anticipated. And Moore again affirmed that he understood that the state's sentencing recommendation did not bind the court and that the court could sentence him to "the full maximum sentence to serve."

The court then announced that it would accept Moore's guilty plea and the state's recommendation to sentence Moore to "30 years in the state penitentiary . . . the last 10 years of that on probation," plus a fine and certain costs. The prosecutor asked the court to confirm on the record that "pursuant to the code sections that I previously enunciated, [Moore's sentence] will be 20 years to serve

---

[4] *Price v. State*, 280 Ga. App. 869 (635 SE2d 236) (2006) (citations omitted).

with no possibility of parole." When the court did so, Moore complained that no one had told him and he did not understand that he would be sentenced to "a mandatory 20 years without parole." Moore's lawyer insisted that he had so advised Moore before the hearing; and he told Moore, "[I]f you want to withdraw your plea, I'm going to try this case, if that's what you want to do." The prosecutor announced that the state was ready to try the case. The court called a recess, informing Moore that a jury was available to hear his case and that he needed to decide whether he was electing to stand on his guilty plea or proceed to trial.

When the hearing reconvened, the court conducted a colloquy with Moore, during which it asked him four times whether he wished to stand on his guilty plea; each time Moore replied, "Yes, sir." Moore also stated that he had made that decision without anyone's threat or force. The court thus accepted Moore's guilty plea and imposed a thirty-year sentence, twenty of which to be served in prison and without the possibility of parole, ten of which to be served on probation, plus certain fines and costs.

At the hearing on Moore's motion to withdraw his guilty plea, Moore testified that not until after he initially announced his guilty plea did anyone mention that the state's recommended sentence was without the possibility of parole. He also testified that he had a discussion with his attorney during the guilty plea hearing recess, but his attorney did nothing more than emphatically warn him that a trial would result in a life sentence. Moore testified that he stood on his guilty plea only because he felt that his attorney was refusing to provide him legal advice. Moore's attorney testified that he had discussed with Moore prior to the day of the guilty plea hearing the evidence that would be presented against him at a trial and that he was fully prepared to try Moore's case on the day of the guilty plea hearing.

The court denied Moore's motion to withdraw his guilty plea. It noted Moore's and his attorney's differing recollections about whether the attorney had advised Moore before the guilty plea hearing that the state's recommended sentence was without the possibility of parole. But it determined that Moore was "well advised" during the guilty plea hearing that the sentence recommended by the state was without the possibility of parole; that Moore was then given the choice to stand on his guilty plea or proceed to a jury trial; that Moore had discussed his options with his attorney; and that Moore chose to accept the negotiated plea offer, rather than risk the possibility of a sentence of life without parole.

In light of this record, we reject Moore's contention that the state failed to show that he entered his guilty plea intelligently and voluntarily.[5] The trial court, therefore, did not err in denying Moore's motion on this ground.

2. Moore contends that he was deprived of effective assistance of counsel. "To prevail on a claim of ineffective assistance of counsel in the context of a guilty plea, [Moore] must show counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, absent counsel's errors, he would not have pleaded guilty."[6] Both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact.[7] An appellate court upholds the trial court's factual findings unless they are clearly erroneous; a trial court's legal conclusions are reviewed de novo.[8]

Moore asserts that his attorney failed to advise him before the guilty plea hearing that the state's recommended sentence was without the possibility of parole and failed to be prepared for trial on the day it was scheduled (the day of the guilty plea hearing) because the attorney was anticipating a guilty plea. Moore claims that he had no choice but to plead guilty because he "had been 'hung out to dry' by his attorney."

However, Moore testified at the guilty plea hearing that he had a full opportunity to talk with his attorney about his case; that he understood the charge against him; that he had told his attorney everything he wanted the attorney to know about his case; that there was nothing that he wanted his attorney to do regarding his case that the attorney had not done; and that he was satisfied with his attorney's services. Moore's attorney asserted that he had advised Moore prior to the guilty plea hearing that the state's recommended sentence was without the possibility of parole. And at the hearing on the motion to withdraw the guilty plea, the attorney testified that prior to the guilty plea hearing, he had discussed with Moore the evidence that would be presented against him at a trial and that he was fully prepared to try the case on the day it was scheduled (the day of the guilty plea hearing).

We conclude that the transcript of the guilty plea hearing and the testimony by Moore's attorney at the hearing on motion to withdraw the guilty plea authorized the trial court to reject Moore's claims that his attorney's performance was deficient and that he pled guilty

---

[5] See *Shaheed v. State*, 276 Ga. 291, 291-292 (2) (578 SE2d 119) (2003); *Maddox*, supra at 826-827 (3), (4); *Hill v. State*, 267 Ga. App. 357 (599 SE2d 307) (2004).

[6] *Martin v. State*, 268 Ga. 584, 584-585 (492 SE2d 223) (1997) (citation omitted).

[7] See *Suggs v. State*, 272 Ga. 85, 87 (4) (526 SE2d 347) (2000).

[8] See id. at 88.

because his only alternative was to proceed to trial with an unprepared attorney.[9] Therefore, Moore's contention that the trial court erred in rejecting his ineffectiveness claim provides no basis for reversing the trial court's denial of his motion to withdraw his guilty plea.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JUNE 25, 2007.

*John C. Cotton*, for appellant.
*Denise D. Fachini, District Attorney, Cheri L. Nichols, Assistant District Attorney*, for appellee.

---

[9] See *Young v. State*, 267 Ga. App. 91 (598 SE2d 840) (2004) (noting that when a defendant seeks to withdraw a guilty plea, the trial court is the final arbiter of all factual issues raised by the evidence); see also *Shaheed*, supra at 292 (3); *Muckle v. State*, 283 Ga. App. 395 (641 SE2d 603) (2007); *Zellmer v. State*, 273 Ga. App. 609, 609-611 (1) (615 SE2d 654) (2005); *Trimble*, supra at 537 (2) (a); *Swan v. State*, 251 Ga. App. 80, 80-81 (1) (553 SE2d 383) (2001).