A11A0979. NORWOOD v. THE STATE.
(717 SE2d 316)

BARNES, Presiding Judge.
Following his negotiated guilty plea to obstruction of an officer and disorderly conduct, Vincent Norwood moved to withdraw his

---

guilty plea contending that trial counsel was ineffective and that his plea was not entered voluntarily and knowingly. Norwood now appeals the denial of his motion, and argues that his trial counsel was ineffective for failing to apprise him of the consequences of his plea to his probation status, and thus, as he lacked this knowledge, his plea was not entered voluntarily and knowingly. For the reasons that follow, we find that the trial court did not abuse its discretion in denying Norwood's motion, and affirm.

Once a sentence has been entered, a guilty plea may be withdrawn only to correct a manifest injustice. *Maddox v. State*, 278 Ga. 823, 826 (4) (607 SE2d 587) (2005).

> The test for manifest injustice will by necessity vary from case to case, but it has been said that withdrawal is necessary to correct a manifest injustice if, for instance, a defendant is denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges.

(Citation and punctuation omitted.) Id. Absent a manifest abuse of discretion, a trial court's ruling on a motion to withdraw a guilty plea will not be disturbed. *Trimble v. State*, 274 Ga. App. 536 (1) (618 SE2d 163) (2005).

On April 27, 2010, Norwood, who was represented by appointed counsel, entered a guilty plea to obstruction of an officer and disorderly conduct, and was sentenced to 12 months probation for each conviction. At the time he entered the plea Norwood was on probation for two separate burglary convictions and aggravated assault. At the conclusion of his plea hearing, the trial court conducted a probation revocation hearing, after which Norwood's probation was revoked two years on each conviction, with the time to be served concurrently.

On May 26, 2010, Norwood, pro se, filed a document entitled "Order of Plea Withdrawal" in which he requested that he be permitted to withdraw his guilty plea. Norwood's trial counsel subsequently entered a motion to withdraw his guilty pleas, alleging that she (trial counsel) was ineffective and that the pleas were not entered voluntarily and knowingly. The trial court appointed Norwood new counsel on September 13, 2010, and a hearing on the plea withdrawal motion was conducted on October 19, 2010, after which the trial court denied the motion. He appeals from the denial of that motion.[1]

---

[1] The trial court entered an order denying Norwood's motion to withdraw his guilty plea

On appeal, Norwood contends that trial counsel was ineffective because she failed to discuss the charges with him before the hearing date; never provided discovery documentation to him; and informed him about the district attorney's offer only "moments" before the hearing without reviewing with him the consequences of the plea.

> When a defendant challenges the validity of his guilty plea, the State bears the burden of showing that the defendant intelligently and voluntarily entered the plea. The relevant inquiry is whether the defendant freely and voluntarily entered the plea with an understanding of (1) the charges against him and (2) the consequences of his plea. The State may meet its burden through the use of the transcript of the guilty plea hearing or through the use of extrinsic evidence to fill a silent record.

(Citations omitted.) *Price v. State*, 280 Ga. App. 869 (635 SE2d 236) (2006).

> Although there is no constitutional requirement that a defendant be informed of collateral consequences of a plea, such as parole eligibility, counsel's affirmative misrepresentations about those consequences in response to his client's specific inquiries may form the basis of an ineffective assistance of counsel claim. To prevail on such claim, [Norwood] has the burden to show that counsel was deficient, and that absent the deficiency, there is a reasonable probability that he would have proceeded to trial rather than pleading guilty. Upon review of the trial court's ruling on the effectiveness of trial counsel, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.

(Citations and punctuation omitted.) *James v. State*, 309 Ga. App. 721, 722 (2) (710 SE2d 905) (2011).

At the plea hearing, the State informed the trial court that Norwood wanted to address the court about his representation. The

---

on October 19, 2010; however the order was apparently "transmitted to the Public Defender's Office instead of [Norwood's] conflict attorney, and more than thirty (30) days elapsed without the filing of a Notice of Appeal." On November 23, 2010, the trial court granted Norwood an out-of-time appeal. Norwood filed a notice of appeal from that order; however, no written order denying the motion to withdraw his guilty plea had been filed, so the trial court subsequently entered a written motion denying the motion on December 2, 2010, after which Norwood timely filed his notice of appeal.

trial court asked Norwood what he wanted to tell the court, but Norwood replied, "it's just that the charges that they got me with is really what has got me upset." The trial court asked Norwood if he wanted to "say something about [his] attorney here today," and Norwood responded, "No, I'm going to go ahead and plead guilty, but still if I could address you about my case." After which, the trial court informed Norwood that he would be able to talk about his case during the hearing.

The hearing proceeded, and Norwood informed the trial court that he was not under the influence of any alcohol or drugs, that he knew the offenses he was charged with, and that he understood the maximum penalties for the offenses. He further acknowledged that he understood that by pleading guilty to the charges his probation would be revoked, and that the trial court was not bound by the State's sentencing recommendations. He also affirmed that he was satisfied with his lawyer's service, that his lawyer had explained the guilty plea form to him, and also that he was not pleading guilty as a result of a promise or threat. Norwood further acknowledged that he was guilty of the crimes charged. The State advised the trial court that it was a negotiated plea, and the trial court accepted the State's recommendation and sentenced Norwood to 12 months probation on the disorderly conduct count to run consecutive to his 2001 burglary sentence, and 12 months probation on the obstruction count, to run consecutive to the disorderly conduct sentence.

At the hearing on the motion to withdraw his guilty plea Norwood testified that when he pled guilty, he thought that he was going to be sentenced to four months, the time purportedly recommended by his probation officer. He further testified that at the time he signed the plea form, he believed that the State and the trial court agreed with the probation officer's recommendation.

Norwood's trial counsel testified that she spoke with Norwood's probation officer and that she recalled that he orally recommended that Norwood receive six months probation. She further testified that she advised Norwood that the trial court could go "higher than that, as far as both the plea and the violation of probation."

Regarding Norwood's assertions about what he was told or not told by his trial counsel, credibility issues arose, which only the trial court could resolve. *McCloud v. State*, 240 Ga. App. 335, 336 (2) (525 SE2d 701) (1999). Further, Norwood has not shown on appeal that his trial counsel advised him wrongly concerning the terms of his negotiated plea or the implications of his probation revocation; nor has he shown that his counsel fell below an objective standard of reasonableness in representing him. The record here shows that Norwood knew that his guilty plea would result in the revocation of his probation, and also that the trial court was not bound by any

recommendations as to his sentence. Further, Norwood was offered the opportunity at the plea hearing to discuss any concerns he had with his representation, but he declined to do so and instead said that he wanted to plead guilty. As such, Norwood has failed to demonstrate ineffective assistance of counsel, and the trial court did not abuse its discretion in denying his motion to withdraw his plea on this basis.

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED OCTOBER 4, 2011.

*LaMalva & Oeland, David A. LaMalva*, for appellant.
*Layla H. Zon, District Attorney, Clint C. Malcolm, Assistant District Attorney*, for appellee.