**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**April 27, 2012**

# In the Court of Appeals of Georgia

A12A0205. WILLIAMS v. THE STATE.

ADAMS, Judge.

Collie Caeser Williams appeals the denial of his motion to withdraw a plea of guilty on two counts of aggravated assault. He contends he entered his plea under a misapprehension of facts and that withdrawal of his plea is necessary to correct a manifest injustice.

Williams was indicted on one count of rape and the two counts of aggravated assault. The court held a plea hearing on March 9, 2011. At the hearing, the State explained that it agreed to a nolle prosequi on the count of rape and that Williams would plead guilty to the other two counts. In addition, the State made a "cap recommendation," that is it recommended that Williams be sentenced on the first assault count to 20 years to be served entirely in custody and that he be sentenced on

the second assault count to an additional 20-year sentence consecutive to first to be served on probation, so that combined, Williams's sentence would be capped at 40 years to serve 20.

The State stated that the factual basis for the case was that as of November 1, 2008, Williams and the victim, who had two children together, were separated, and that Williams had moved out of their apartment. Although the victim was dating someone else, she also still saw Williams. And on this day, they met after work, went to a restaurant, and returned to the victim's apartment where they got into an argument about her dating others. The argument escalated and the victim asked Williams to leave, but he grabbed her and pushed her into a bathroom, breaking a towel rack. He also shoved her face against the mirror and grabbed her around the throat. He shoved her causing her head to hit the toilet rendering her disoriented. She sustained scratch marks on her neck and an injury to an eye. She attempted to escape and to telephone her mother, but was unsuccessful. The assault continued in the bedroom, where Williams raped the victim; the State had DNA evidence for trial. Some time later, Williams's own mother arrived, and after Williams refused to allow the victim to come to the door, Williams's mother called the police. The police arrived and the victim answered the door disheveled, frightened, and explaining what

had happened. The officers found Williams hiding in a closet. The State asserted that the first aggravated assault occurred when Williams choked the victim in the bathroom and that the second was the assault associated with the sexual encounter.

Williams took the plea and argued for a lighter sentence. As a part of the sentencing hearing, the victim stated (not under oath) that if there were a trial, she would testify to the facts asserted by the State, including that Williams had sexual intercourse with her against her will on the night in question. The judge followed the State's recommendation as to sentence. Shortly after the plea, Williams moved to withdraw his plea, and a hearing was held on August 4, 2011. Following the hearing, the court denied the motion.

"[O]nce a sentence has been entered, a guilty plea may only be withdrawn to correct a manifest injustice[.]" (Punctuation and footnote omitted.) *Earley v. State*, 310 Ga. App. 110, 112 (712 SE2d 565) (2011). And this Court will not disturb a trial court's ruling on this issue absent manifest abuse of discretion. *Muckle v. State*, 283 Ga. App. 395, 397 (641 SE2d 603) (2007). Ultimately, the burden is on the State to show that the plea was knowingly, intelligently and voluntarily made. *Tomlin v. State*, 295 Ga. App. 369, 370 (671 SE2d 865) (2008).

Williams contends there was a manifest injustice because, as he testified at the hearing, he was induced to plead guilty by his counsel's representation that the alleged victim would testify that he raped her, whereas, at the hearing on the motion to withdraw, the victim recanted her testimony. At that hearing, the victim testified to several things: that within a few hours after the plea hearing, she contacted Williams's attorney by email and indicated that Williams had not raped her; that the couple had consensual sex two days prior to the night of the fight between them; that on the night of the fight, "he did put his penis inside me but I didn't tell him to stop"; and that any sex they had that night was "make-up sex" after the fight. However, in one email she stated, "[a] part of me feel like he raped me and another part feel like he didn't." And she testified that with regard to sex that night, "[she] didn't want him in that way but [she] didn't [say] stop so it wasn't rape." She also admitted that the sex they had that night came after the beating, and that she consented in order to make him calm down and leave the apartment. Finally, she again testified to the beating that Williams gave her prior to the sex. Williams testified that his trial counsel had advised him prior to the plea that the victim would testify that he raped her and that he would have exercised his right to a trial if he had known the victim would have

4

testified as she did at the plea withdrawal hearing. But, he also testified that he would not have asked to withdraw his plea if he had received a lighter sentence.

The trial court denied the motion to withdraw, finding that Williams "entered his plea completely voluntarily and understanding what he was doing and that he did so intelligently from the standpoint of the information that he had before him." We find no abuse of discretion or manifest injustice for several reasons.

First, there is no dispute that the transcript of the original plea hearing shows that Williams was thoroughly questioned about the plea, fully informed and cognizant of the rights he was waiving, and fully aware of the consequences of the plea based on the information available at the time. See *Gainer v. State*, 267 Ga. App. 408 (599 SE2d 359) (2004). And the trial court was authorized to disbelieve Williams's testimony at the hearing on the motion to withdraw that he was confused at the time of his plea. See, e.g., *Trapp v. State*, 309 Ga. App. 436, 438 (1) (710 SE2d 637) (2011).

Second, the purported recantation evidence proffered at the hearing on the motion to withdraw is very weak. At the hearing, the victim testified that she and Williams had sexual intercourse after the beating, even though "she did not want him in that way," in order to make Williams calm down and leave, but she did not tell him

5

to stop. This testimony is consistent with the fact that the victim originally intended to testify that Williams had sexual intercourse with her against her will.

> That the alleged victim did not outwardly or physically resist does not mean that she freely consented. Her lack of resistance may have sprung from apprehension, on her part, of bodily harm, violence, or other dangerous consequences to herself or to another. If the state establishes, beyond a reasonable doubt, that the alleged victim's lack of resistance resulted from such apprehension, that lack of resistance will not constitute freely given consent.

*Clark v. State*, 261 Ga. 311, 312 (404 SE2d 787) (1991). See also *United States v. Morrison*, 967 F.2d 264, 268-269 (II) (8th Cir 1992) (victim's new statement regarding sexual assault – that she was unable to recall with certainty what occurred – was not inconsistent with her contemporaneous statement to officers that she had been raped by consenting to intercourse because she was afraid that the defendant would continue to strike and assault her).

Third, the victim's additional testimony pertained only to the rape charge, which was nolle prossed, and not to the two counts of aggravated assault. And at the plea hearing, Williams admitted under oath that he committed the two acts of aggravated assault.

Fourth, Williams admitted that he would not have moved to withdraw his plea if he had been given a lighter sentence, thereby undermining his claim that he would have elected to go to trial if he knew of the victim's additional testimony, and instead indicating that Williams simply had what the trial court referred to as "buyer's remorse" regarding his sentence. Cf. *Hinely v. State*, 275 Ga. 777, 783 (5) (573 SE2d 66) (2002) ("the prospect of a greater sentence is not coercion that prevents the decision to plead guilty, or to accept a certain lesser sentence, from being free and voluntary. [Cit.]"). See also *Norwood v. State*, 311 Ga. App. 815, 818 (717 SE2d 316) (2011) (trial court to resolve issues of credibility on a motion to withdraw a guilty plea).

Finding no abuse of discretion or manifest injustice, we affirm.

*Judgment affirmed. Barnes, P. J., and McFadden, J., concur.*