**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**June 27, 2012**

# In the Court of Appeals of Georgia

A12A0674. DAVIS v. THE STATE.

PHIPPS, Presiding Judge.

While represented by counsel, Sylvester Davis entered a nonnegotiated[1] plea of guilty to the charges of aggravated battery and aggravated assault. Davis was sentenced to 20 years, with 15 years to be served in confinement and 5 years to be served on probation.[2] After sentencing, while represented by new counsel, Davis moved to withdraw the plea ("or . . . reduce his sentence") on the ground that he had received ineffective assistance of counsel. Davis appeals from the trial court's denial of the motion. Finding no error, we affirm.

---

[1] See footnote 4, infra, regarding use of the term "nonnegotiated."

[2] The aggravated assault conviction merged into the aggravated battery conviction.

To prevail on a claim of ineffective assistance of counsel in the context of a guilty plea, [Davis] must show counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, absent counsel's errors, he would not have pleaded guilty. Both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact. An appellate court upholds the trial court's factual findings unless they are clearly erroneous; a trial court's legal conclusions are reviewed de novo.[3]

1. Davis contends he was deprived of effective assistance of counsel in that counsel advised him that he should enter a nonnegotiated[4] guilty plea so that a particular sentence would be imposed; but after he entered a guilty plea, the court imposed a different sentence.

---

[3] *Moore v. State*, 286 Ga. App. 99, 102 (2) (648 SE2d 451) (2007) (punctuation and footnotes omitted).

[4] The trial court and parties have referred to the guilty plea in this case as "open-ended." At the hearing on the guilty plea, the court explained that "open-ended . . . means that there is no agreement between the State and the defendant with respect to the sentence." The type of plea described by the trial court is also known as a "nonnegotiated" plea. See, e.g., *Manley v. State*, 287 Ga. App. 358, 359 (1) (651 SE2d 453) (2007) (in an appeal involving the denial of a motion to withdraw a guilty plea, this court stated that the appellant's plea was "open-ended" and, because it was a "nonnegotiated" plea, the trial court was not required to comply with a Uniform Superior Court Rule applicable to negotiated pleas); *Rosser v. State*, 273 Ga. App. 745, 746 (615 SE2d 842) (2005) (guilty plea was "nonnegotiated," as there was no agreement between the state and the appellant regarding the sentence).

2

Davis testified at the hearing on the motion to withdraw the plea that counsel had told him that he had spoken to the judge and that, if Davis entered an open-ended guilty plea, his sentence "was going to be like a fifteen do two, and perhaps time served on the sixteen months." At the same hearing, Davis's mother testified that counsel told her that if Davis pled guilty, he would not have to serve "much more time."

In contrast, counsel testified at the hearing on the motion to withdraw the plea that he told Davis that if he pled guilty, he did not know what sentence would be imposed. At the motion hearing, Davis's counsel denied that he told Davis that the judge had promised anything, denied that he told Davis or his mother "how long he was going to do, other than to explain to him the parole guidelines," and denied that he told Davis's mother that by pleading guilty Davis would "do little or no time."

Prior to that, the court announced at the guilty plea hearing, with Davis present and before he entered the plea, that the plea was "open-ended . . . which means that there is no agreement between the State and the defendant with respect to the sentence. The matter of sentence . . . is left to the sole discretion of the Court within the applicable sentencing ranges." The court also informed Davis at the plea hearing that if convicted he faced a maximum sentence of 20 years on the aggravated battery

charge (and that the court would be required to impose the maximum sentence if the state proved he had prior felonies). Davis replied that he understood, and stated that nobody had made any promises to him to get him to enter the plea. Davis also signed a "Petition for Open Ended Plea," which showed that the charge of aggravated battery carried a maximum sentence of 20 years.

Davis's assertions regarding what his counsel told him as to what sentence would be imposed involve credibility issues, which only the trial court could resolve.[5] Here, the court expressly found that Davis's testimony lacked credibility and was contradicted by the testimony of his counsel and the evidence of record. Thus, he has failed to demonstrate ineffective assistance of counsel based on counsel's alleged promise regarding the sentence to be imposed.[6]

---

[5] See *Norwood v. State*, 311 Ga. App. 815, 818 (717 SE2d 316) (2011).

[6] See *Brantley v. State*, 290 Ga. App. 764, 766 (660 SE2d 846) (2008) (affirming the denial of a motion to withdraw a guilty plea, where appellant claimed that counsel provided ineffective assistance because counsel gave him the impression that he would receive less than the maximum eight-year sentence, where record showed that, prior to entering the guilty plea, counsel had explained to him the nature of the nonnegotiated plea, and he understood the consequences of the plea, including that the judge had discretion to sentence him to serve up to eight years); *Geyer v. State*, 289 Ga. App. 492, 493 (1) (657 SE2d 878) (2008) (trial court was authorized to find that appellant's guilty plea was freely and voluntarily given, uninfluenced by any promises as to the possible sentences to be imposed as the result thereof, despite appellant's claim that counsel had told him before entering the plea that he would

2. Davis contends that he was deprived of effective assistance of counsel because his counsel misadvised him as to when he would be eligible for parole. He asserts that, but for counsel's error, he would not have pled guilty. However, Davis made no such claim in his amended motion to withdraw the guilty plea. And at the hearing on the motion, Davis testified that counsel's performance was deficient for various reasons– none of which involved counsel's alleged misrepresentations as to his parole eligibility.

Even assuming, arguendo, that the issue is not procedurally barred,[7] it is without merit. Davis gave no testimony indicating that, but for counsel's misrepresentations about his parole eligibility, he would not have pled guilty. [8] Indeed, at the hearing on the amended motion to withdraw the guilty plea, Davis's (new) counsel conceded that the parole eligibility issue he was raising in closing

_____

receive a sentence of two to three years in confinement).

[7] See *Wilson v. State*, 302 Ga. App. 433, 436 (5), n. 10 (691 SE2d 308) (2010) (if the issue of trial counsel's effectiveness was raised below, any claims of ineffectiveness not raised at that time have been waived).

[8] Compare *Rollins v. State*, 277 Ga. 488, 492 (2) (591 SE2d 796) (2004) (appellant demonstrated a reasonable probability that, but for counsel's errors in informing her about the adverse collateral consequences of pleading guilty, she would not have pled guilty; appellant's testimony on that point was unequivocal and not was contradicted by the record).

argument was "really not in evidence." Thus, Davis has failed to meet his burden of showing that counsel's performance was deficient and that there was a reasonable probability that, but for counsel's error, he would not have pled guilty and would have insisted on going to trial.[9]

3. Davis contends that he was deprived of effective assistance of counsel because his counsel failed to inform him of or provide him with materials obtained through discovery regarding the victim's prior injuries, injuries inflicted in the charged incident, and the victim's recovery following the charged incident.

The state alleged that Davis had committed the offense of aggravated assault by assaulting a person with a metal pipe and slamming his head into the pavement; it further alleged that Davis had committed the offense of aggravated battery by rendering members of the person's body useless. Davis posits that at the plea hearing the state emphasized the extent of the victim's injuries, stating that the victim "was paralyzed from the neck down"; and, if counsel had provided him with the discovery materials showing the victim's injuries were not as severe as represented, he would

---

[9] See *State v. Heath*, 277 Ga. 337, 338 (588 SE2d 738) (2003); see generally *Smith v. State*, 287 Ga. 391, 394 (2) (a), n. 4 (697 SE2d 177) (2010) (counsel's affirmative misrepresentation about the adverse collateral effects of a guilty plea may render the plea invalid, if the defendant can show prejudice as a result).

not have entered an open-ended guilty plea and would have instead opted to go to trial.

But his counsel testified that he had, prior to the plea hearing, reviewed with Davis all of the evidence obtained through discovery, including the medical evidence, and showed the materials to him. His counsel testified that he and Davis had agreed that their strategy was to show that Davis was remorseful and would make restitution to the victim; they chose not "to attack [the victim] in any way." Notably, the judge stated at the hearing on the motion to withdraw the plea that: Davis had admitted at the plea hearing that it was "a fairly significant assault"; his counsel had pointed out at the plea hearing that the victim's condition had improved significantly, and the judge "took [counsel's] word for that, that the victim . . . had dramatically improved" and had considered that point; and the judge had seen the victim in the courtroom and observed that he was "walking around" and clearly was not paralyzed.

The record authorized the trial court to reject Davis's claim that his counsel's performance was deficient and that there was a reasonable probability that, absent the deficiency, he would have not pled guilty.[10] Therefore, Davis's contentions provide

_____

[10] See *Moore*, supra at 102-103 (2); *Young v. State*, 267 Ga. App. 91 (598 SE2d 840) (2004) (noting that when a defendant seeks to withdraw a guilty plea, the trial court is the final arbiter of all factual issues raised by the evidence).

no basis for reversing the trial court's denial of the motion to withdraw the guilty plea.[11]

*Judgment affirmed. Ellington, C. J., and Dillard, J., concur.*

[11] See *Frost v. State*, 286 Ga. App. 694, 697 (2) (649 SE2d 878) (2007); *Moore*, supra at 103 (2); see also *Geyer*, supra.

Decided June 27, 2012.

Guilty plea; motion to withdraw. Chatham Superior Court. Before Judge Abbot.

Richard M. Darden, for appellant.

Larry Chisolm, District Attorney, Thomas M. Cerbone, Assistant District Attorney, for appellee.