A95A0001. PENDLEY v. THE STATE.
(457 SE2d 681)

McMURRAY, Presiding Judge.

On March 28, 1994, defendant Pendley entered his pleas of guilty to the offenses of battery and obstruction of an officer. Defendant was sentenced to a term of six months in the Clayton County jail on each offense, the sentences to be concurrent. A motion to modify sentence was filed on April 15, 1994, and a hearing on that motion held on April 22, 1994. On April 25, 1994, a notice of appeal from the convictions and sentences entered on March 28, 1994, was filed. An order denying the motion to modify sentence was filed on April 28, 1994.

Via a new attorney, defendant filed a motion to withdraw plea of guilty on July 26, 1994. A hearing on this motion was conducted on August 11, 1994, and an order denying the motion to withdraw plea of guilty was entered the following day. *Held*:

Defendant's sole enumeration of error contends that his former counsel was ineffective in that he failed to properly inform defendant of the statutory ramifications of the guilty plea to a charge of misdemeanor battery. While this issue was submitted to the state court subsequent to the filing of defendant's notice of appeal, dismissal is not required as premature filing of a criminal defendant's notice of appeal is no longer a ground of dismissal. *Shirley v. State*, 188 Ga. App. 357 (1), 358 (373 SE2d 257). See also *Adams v. State*, 264 Ga. 71, 72 (1) (440 SE2d 639).

Defendant is a repeat-offender felon who was released on parole less than six months prior to the commission of the crimes at issue. Thus, pursuant to OCGA § 42-9-51, the plea of guilty to the battery offense and the sentence of incarceration resulted in revocation of defendant's parole. Defendant contends that his former attorney was ineffective in that he failed to inform him of this consequence of a guilty plea.

Applying the familiar two-prong test from *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674), we assume that defendant has satisfied the first portion of the test by showing that the performance of his former attorney was deficient. Defendant was undoubtedly entitled to be informed of the consequences of his plea. *Whitehead v. State*, 211 Ga. App. 121 (438 SE2d 128); *Muff v. State*, 210 Ga. App. 309 (436 SE2d 47). Nonetheless, there is ample evidence to support the state court's conclusion that any deficiency of the former attorney, in failing to inform defendant of the revocation of pa-

role which would follow a sentence of incarceration on the battery offense, did not alter the result of the proceeding. *Hatcher v. State*, 259 Ga. 274, 275 (1) (379 SE2d 775); *Edmond v. State*, 214 Ga. App. 707, 708 (2) (448 SE2d 775); *Hall v. State*, 210 Ga. App. 792, 793 (1) (437 SE2d 634). This conclusion was based on evidence that before defendant entered his plea of guilty, he was informed by his parole officer that any sentence of incarceration on the battery offense would result in automatic revocation of his parole. Defendant having actual knowledge of the information which the former attorney was presumably deficient in failing to provide, it would appear to be a reasonable conclusion that repetition of that information by the attorney would not have altered defendant's decision to enter the plea of guilty.

Defendant's remaining arguments suggest other unspecified deficiencies on the part of his former attorney in failing to define possible courses of action and their consequences. However, these additional theories are not predicated upon any evidence of record and appear to constitute merely speculation and conjecture. We note in this connection that the record developed concerning the alleged deficiencies of defendant's former attorney does not include any testimony from defendant. See *Hatcher v. State*, 259 Ga. 274, 275 (1), supra. The state court's conclusion that defendant was afforded effective assistance of counsel is not clearly erroneous. We find no error in the denial of defendant's motion to withdraw plea of guilty, nor do we find any legal basis for overturning the judgments of conviction and sentences entered by the state court on the offenses of obstruction of an officer and battery.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED MAY 8, 1995.

*William H. Stevens, Richard D. Hobbs,* for appellant.
*Keith C. Martin, Solicitor, Michael P. Baird, Assistant Solicitor,* for appellee.