A96A1958, A96A1959. THE STATE v. SUMLIN; and vice versa.
(480 SE2d 260)

MCMURRAY, Presiding Judge.

Defendant was charged in an accusation with driving under the influence of marijuana in violation of OCGA § 40-6-391 (a) (2) and (6), failing to display her driver's license when asked to do so by a law enforcement officer, unauthorized passing on yellow line and also possession of marijuana. The trial court partially granted defendant's motion to suppress and in limine to exclude the results of the State's chemical analysis of defendant's urine, concluding that OCGA § 40-5-67.1 (a) requires breath or blood testing before an officer may require a suspect to submit to urine analysis. The trial court, however, partially denied defendant's motion to suppress and in limine, pertinently concluding that defendant's performance of field sobriety

tests did not violate her state and federal rights against self-incrimination; that there was probable cause for defendant's arrest and that an on-the-scene search of defendant's automobile by law enforcement officers was valid because it was incident to a lawful arrest. The trial court entered the following findings of fact:

"On the morning of April 13, 1995, Defendant was traveling southbound on Thompson Bridge Road. Officer [W. L.] Boyd [of the Hall County Sheriff's Department], who was directing traffic in a school zone along the road, observed the Defendant pass on [a] double yellow line located on both a curve and hill within the school zone. The officer pursued the Defendant in his vehicle with his blue lights flashing. The Defendant was driving very quickly and the officer followed the Defendant for about a mile before catching up to and pulling her over. When Officer Boyd asked for her driver's license and insurance card, he noticed that [defendant's] speech was slurred. Defendant stated that she was on medication. Officer Boyd was concerned and called a traffic unit to the scene.

"Approximately ten to fifteen minutes later, [Deputy Dallas] Van Scoten [of the Hall County Sheriff's Department] and another officer arrived. The officers noticed that the Defendant was slumped in her seat and acting in an unusual manner. They asked her to step out of her vehicle and perform several field sobriety tests. The Defendant agreed. In administering the alkasensor test, Officer Boyd detected the smell of marijuana on Defendant's breath. Based on the results of the HGN, 'One Leg Stand', 'Walk & Turn', and alcosensor tests, the Defendant was placed under arrest and read implied consent. Subsequently, the officers conducted a search of Defendant's vehicle, without her consent, and found a burnt 'roach clip' on the passenger seat. Defendant was later given a state-administered urine test."

The State appeals in Case No. A96A1958, and defendant cross-appeals in Case No. A96A1959. *Held*:

## Case No. A96A1958

1. The trial court erred in excluding and suppressing the results of the State's chemical analysis of defendant's urine because OCGA § 40-5-67.1 (a) — when examined closely, in accordance with proper rules of statutory construction and in concert with OCGA §§ 40-5-55 (a) and 40-6-392 (a) (1) (A) — does not require blood or breath testing before an officer may require a suspect to provide a urine sample for purposes of analysis for the presence of alcohol, drugs, or marijuana. *Jordan v. State*, 223 Ga. App. 176, 178-182 (2) (477 SE2d 583). Accordingly, the trial court erred in partially granting defendant's motion to suppress and in limine to exclude the results of the State's chemical analysis of defendant's urine.

## Case No. A96A1959

2. In Case No. A96A1959, defendant Sumlin's first enumeration of error provides that the trial court erred "in ruling that an articu[l]able suspicion existed to continue to detain [her] after the stop; the same constituting an arrest without probable cause."[1]

Officer Boyd testified that defendant's "slurred" speech spurred his decision to detain defendant for a more critical impaired driving investigation by a specially trained DUI traffic unit. Defendant urges, however, that this explanation is not plausible because Officer Boyd admitted during cross-examination that he did not recall defendant saying anything during the traffic stop. Defendant's appellate counsel thus offers the following logic: "Since one cannot slur their words without speaking, there existed no reason to believe or articulate suspicion to suppose or suspect that [defendant] was under the influence."

Although Officer Boyd admitted on cross-examination that he does not remember the specific words defendant uttered during the traffic stop, Officer Boyd's testimony upon further cross-examination indicates that defendant talked during this encounter and that he summoned the DUI traffic unit because defendant's speech "had a very slurred pronunciation of words. . . ." This testimony, as well as Officer Boyd's testimony that he observed defendant illegally pass another vehicle in a school zone, authorized defendant's "ten to fifteen" minute detention for a more critical impaired driving investigation by the specially trained DUI traffic unit. See *Lankford v. State*, 204 Ga. App. 405, 406 (2) (419 SE2d 498).

3. Defendant contends the field sobriety tests violated her state and federal rights against self-incrimination because she was never advised of her right not to submit to field sobriety testing as well as her rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694). There was no violation of defendant's right not to incriminate herself under Art. I, Sec. I, Par. XVI of the Georgia Constitution of 1983, the Fifth Amendment of the United States Constitution, or OCGA § 24-9-20 (a), because defendant was not in custody at the time the field sobriety tests were administered. *Lankford v. State*, 204 Ga. App. 405, 406 (2), supra.

4. Defendant contends the trial court erred in failing to suppress contraband found in her automobile, arguing that she was illegally arrested and that her automobile was searched without her consent. These assertions are without merit.

---

[1] The trial court's order does not address this issue. It only reflects a ruling — with regard to defendant's detention — as to the issue of "whether the officer had reasonable articulable suspicion to pull the Defendant over."

"A 'warrantless arrest' is constitutionally valid if, at the moment the arrest is made, the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the accused had committed or was committing an offense. *Durden v. State*, 250 Ga. 325, 326 (297 SE2d 237) (1982); *Beck v. Ohio*, 379 U. S. 89, 91 (85 SC 223, 13 LE2d 142) (1964)." *Callaway v. State*, 257 Ga. 12, 13 (2) (354 SE2d 118). In the case sub judice, Officer Boyd testified that he observed defendant illegally pass another vehicle in a school zone and that defendant exhibited "slurred" speech after he stopped her for this traffic violation. Officer Van Scoten testified that he smelled marijuana emanating from defendant's breath and that defendant failed several field sobriety tests. This evidence is sufficient to authorize the trial court's finding that there was probable cause for defendant's arrest. Accordingly, since the search of the passenger compartment of defendant's automobile was incident to a lawful arrest, the trial court did not err in failing to suppress the contraband that was seized from defendant's automobile. *State v. Elliott*, 205 Ga. App. 345, 346 (422 SE2d 58).

The trial court did not err in partially denying defendant's motion to suppress and in limine.

*Judgment affirmed in Case No. A96A1959. Judgment reversed in Case No. A96A1958. Johnson, J., concurs. Ruffin, J., concurs in the judgments only.*

DECIDED JANUARY 8, 1997.

*Jerry Rylee, Solicitor, Inez G. D'Entremont, Assistant Solicitor,* for appellant.

*Troy R. Millikan,* for appellee.

