## A03A1628. HARLAND v. THE STATE.
### (586 SE2d 705)

SMITH, Chief Judge.

This appeal arises out of the trial court's denial of a motion to withdraw a guilty plea filed by James Matthew Harland. Harland entered a guilty plea to two counts of child molestation and two counts of terroristic threats. The State nolle prossed three counts of aggravated child molestation, three counts of aggravated sodomy, and one count of statutory rape. He was sentenced to twenty-year terms on each child molestation conviction and to five years on each terroristic threats conviction, with the sentences running concurrently with each other. The sentence provided that upon serving ten years imprisonment on the child molestation convictions, he could serve the remainder on probation. Harland filed a motion to withdraw his plea, which was denied by the trial court.

Harland appeals, arguing that the plea "was entered unknowingly and unintelligently." Harland argues that he was a "scared seventeen-year-old" and that he was informed "for the first time during the guilty plea hearing" of the rights he was waiving in exchange for his plea. He contends "that he did not have sufficient time to process this information so that he could enter a guilty plea voluntarily and knowingly." Harland's plea counsel did not testify during the hearing on Harland's motion to withdraw his plea. Because the record supports the trial court's conclusion that Harland's plea was intelligently and voluntarily entered, we affirm.

> Before accepting a plea of guilty, a trial court must determine that the plea is voluntarily made and that the defendant intelligently and understandingly waives his constitutional rights, which requires a showing on the record that the defendant has freely and voluntarily entered the plea with an understanding of the nature of the charges against him and the consequences of his plea. When a defendant enters a plea of guilty and subsequently challenges the validity of the guilty plea, the State may meet its burden of demonstrating the plea was intelligently and voluntarily entered by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or (2) filling a silent or incomplete record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.

(Citations and punctuation omitted.) *Stephens v. State*, 235 Ga. App. 756, 757-758 (510 SE2d 575) (1998).

The State was not required in this case to use "extrinsic evidence" to show that Harland's "plea was knowing and voluntary," *Stephens*, supra, because the transcript of the guilty plea hearing itself shows that he understood the rights he was waiving and the consequences of entering a plea.

On inquiry by the trial court during the plea hearing, Harland acknowledged his understanding that the State would dismiss several charges against him upon entry of his plea. He also stated that he understood the nature of the charges against him. According to Harland's testimony at that hearing, he told his "lawyer all the facts and circumstances known to [him] about the charge" and believed his lawyer was "fully informed on all such matters."

The trial court advised Harland of his rights to a speedy jury trial, to confront the State's witnesses, to use the power and process of the court to compel production of evidence, to have the assistance of a lawyer at all stages of the proceedings, to remain silent or to testify, and to make the State prove his guilt beyond a reasonable doubt. Harland acknowledged that he understood he would waive these rights by pleading guilty and that the trial court could sentence him to the same punishment he might receive if he pled not guilty, stood trial, and were convicted by a jury. The plea transcript further shows that Harland understood he could be sentenced from five to twenty years on the child molestation charges and one to five years on the remaining charges. He testified that his attorney had discussed the above-enumerated rights with him and that he had no questions about his rights. Harland testified that he was not "under the influ-

ence of drugs, medicines or intoxicants of any kind" and that he had not been coerced into or received any promises in exchange for the plea.

Finally, Harland acknowledged his understanding that his attorney and the prosecutor had discussed his case in the court's presence and that the court had been informed of his personal background and the details of the offense. He testified that he believed his lawyer had "competently done all that anyone could to counsel and assist [him]" and was satisfied with defense counsel's "advice and guidance." The trial court gave Harland the opportunity to ask questions about the plea, but he had none. He acknowledged that he made his plea freely and voluntarily, with full understanding of all matters set out in the indictment.

On the court's inquiry, defense counsel stated during the plea hearing that he had explained to Harland all of his statutory and constitutional rights and that Harland appeared to understand those rights. He further testified that he knew of no reason why Harland should not enter the plea or why the court should not accept such a plea. Defense counsel was "fully satisfied the defendant understands the nature of the charge, the implications of the plea, and he is making this plea of guilty freely and voluntarily." Following Harland's testimony and the statements of his defense counsel, the trial court accepted Harland's plea and the State's sentencing recommendation.

Harland's testimony during the subsequent hearing on his motion to withdraw his guilty plea contradicted his earlier plea hearing testimony in many respects. Harland testified during the latter hearing that the only time he ever saw his trial counsel was on the day he entered his plea. Harland stated that they talked only "about ten minutes" and discussed the "charges a little bit and what would happen if I go to trial or take the plea." He further testified that they never discussed the rights he would have if he went to trial and that defense counsel simply told him "it would be best for me to take the plea instead of going to trial." According to Harland, he did not remember defense counsel telling him that he had an absolute right to a trial by jury and that counsel never discussed the elements of the offenses with him. He testified that defense counsel told him "if you plead guilty they'll drop most of your charges and you won't have to do that much time." Harland testified that defense counsel did not inform him of the State's recommendation, however. He stated that the first time he learned he could serve ten to twenty years was at the plea hearing. When asked if he felt pressured to go to trial, he responded, "not really, I was really kind of scared." He stated that he was not scared of defense counsel but instead was afraid of "going to court taking it to trial." According to Harland, he did not "understand

what the trial would be about and exactly what the court would have to decide."

Although Harland testified during the latter hearing that he did not understand the nature of the impending trial, as discussed above, the record contains evidence, through his testimony at the plea hearing, that his attorney had talked with him about the nature of the charges against him and possible defenses. He also testified during the plea hearing that he understood that he could plead not guilty to any offense charged against him. The trial court fully advised Harland of all the rights he was waiving, in accordance with Uniform Superior Court Rule 33.8, and Harland was advised of the minimum and maximum sentence he could serve. Harland was given an opportunity to respond to the State's sentencing recommendation before the court pronounced its sentence, and he declined to do so.

Despite Harland's young age of 17, the record in this case supports the trial court's conclusion that he knowingly and voluntarily entered his guilty plea. To the extent that his testimony at the hearing on his motion to withdraw contradicted his plea hearing testimony, credibility issues arose, which only the trial court could resolve. *McCloud v. State*, 240 Ga. App. 335, 336 (2) (525 SE2d 701) (1999). "Whether to allow the withdrawal of a voluntarily, intelligently entered guilty plea after the pronouncement of sentence is within the sound discretion of the trial court." (Citations omitted.) Id. Given Harland's testimony at the plea hearing, in addition to the trial court's explanation to Harland of the rights he was waiving and plea counsel's statements during that hearing, we cannot say that the trial court abused its discretion in denying Harland's motion to withdraw his guilty plea.

*Judgment affirmed. Ruffin, P. J., and Miller, J., concur.*

DECIDED AUGUST 19, 2003.

*Ramon W. Palanca, Jr., Patricia F. Angeli*, for appellant.
*Robert E. Keller, District Attorney, Lalaine A. Briones, Assistant District Attorney*, for appellee.

