## A09A0488. LEONARD v. THE STATE.
(677 SE2d 726)

JOHNSON, Presiding Judge.

Antone Dennard Leonard was charged with one count of robbery, three counts of identity fraud, one count of financial transaction card fraud, two counts of financial transaction card theft, and one count of violation of the Georgia Controlled Substances Act. On October 31, 2005, Leonard entered into a plea agreement that reduced the robbery count to theft by taking and dismissed the financial transaction card fraud count. Leonard pled guilty to the remaining counts and was sentenced. Leonard subsequently filed a motion to withdraw his guilty plea, which was denied by the trial court on February 13, 2006. On April 11, 2006, Leonard moved for an out-of-time appeal, which the trial court also denied. We reversed that decision, however, finding that Leonard was entitled to an out-of-time appeal.[1] In this appeal, we address the merits of Leonard's out-of-time appeal. Because we find no error, we affirm Leonard's convictions.

It is well established that once a sentence has been entered, a guilty plea may only be withdrawn to correct a manifest injustice.[2] While the test for manifest injustice varies from case to case, examples include cases where a defendant is denied effective assistance of counsel or where the guilty plea was entered involuntarily or without an understanding of the nature of the charges.[3] Absent a manifest abuse of discretion, a trial court's ruling on a motion to withdraw a guilty plea will not be disturbed.[4]

In his appeal, Leonard admits that he had four previous felony guilty pleas and knew he would be sentenced as a repeat offender. He also admits that the trial court's sentence did not exceed the negotiated plea cap and that the trial court advised him of his right to a trial by jury, presumption of innocence, right to confront witnesses, right to subpoena witnesses, and right to testify or remain

[1] *Leonard v. State*, 293 Ga. App. 808 (668 SE2d 321) (2008).
[2] See *Maddox v. State*, 278 Ga. 823, 826 (4) (607 SE2d 587) (2005).
[3] Id.
[4] See *Moore v. State*, 286 Ga. App. 99 (648 SE2d 451) (2007).

silent. Leonard argues, however, that the trial court erred in denying his motion to withdraw the guilty plea because (a) his attorney did not advise him about recidivist treatment, (b) he did not realize he would be sentenced for three counts of identity fraud, (c) he was told he would serve five years rather than seven, and (d) he was not informed that the state had to prove his guilt beyond a reasonable doubt. The record in this case belies Leonard's assertions.

Leonard's plea sheet and felony sentence sheet, both of which he signed, indicated that Leonard was pleading guilty to all three counts of identity fraud. The plea sheet also noted that Leonard would be sentenced to seven years as a repeat offender, and the sheet included a handwritten notation at the bottom that stated, "Total of all counts to be 15 with 7 to serve as a Repeat Offender. OCGA [§] 17-10-7." The felony sentence sheet also indicated that Leonard was being sentenced as a repeat offender and would be serving seven years in prison with no eligibility for parole under OCGA § 17-10-7 (c). In addition, Leonard's Notice of Rights form, which he also signed, informed him that he was presumed innocent until proven guilty beyond a reasonable doubt.

The transcript of the guilty plea hearing likewise contradicts Leonard's contentions. The transcript shows that the assistant district attorney informed Leonard that he was pleading guilty under the repeat offender statute, and he asked Leonard whether his attorney had explained the repeat offender statute to him. Leonard responded, "Yes, sir." The state's attorney then discussed each count to which Leonard would be pleading guilty, including three counts of identity fraud. Leonard indicated that he understood he was pleading guilty to these counts. The state's attorney also informed Leonard that he would not be sentenced to a longer term than what the state had offered, and the state had offered a total of fifteen years with seven years to serve as a repeat offender. Leonard indicated that he understood the state's offer and the capped plea process. The state's attorney asked Leonard if his attorney had gone over the Notice of Rights form with him, and Leonard responded that he had. Then the state's attorney asked Leonard if he understood each of the rights he was giving up, including the right to be presumed innocent, and Leonard replied that he understood. The state's attorney also solicited responses indicating that Leonard was pleading freely and voluntarily. The trial judge subsequently questioned Leonard regarding the charges to which he was pleading guilty, the rights he was waiving, and the fact that he was pleading freely and voluntarily. The court then imposed a sentence of fifteen years to serve seven years.

The record and the transcript of the guilty plea hearing show that Leonard made a knowing, voluntary, and intelligent waiver of his rights and knowingly, voluntarily, and intelligently entered his

plea of guilty. Since Leonard has failed to show the manifest injustice necessary to authorize post-sentence withdrawal of his guilty plea, the trial court did not err when it denied his motion to withdraw.

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED APRIL 16, 2009.

*Lawrence W. Daniel*, for appellant.

*David McDade, District Attorney, Nedal S. Shawkat, James A. Dooley, Assistant District Attorneys*, for appellee.