## S09A2015. STINSON v. THE STATE.
### (689 SE2d 323)

CARLEY, Presiding Justice.

Douglas Teeandre Stinson pled guilty to felony murder, kidnapping with bodily injury, kidnapping, aggravated assault, armed robbery, and hijacking a motor vehicle. The trial court imposed concurrent life sentences for murder and kidnapping with bodily injury, and concurrent 20-year terms for the remaining offenses. Shortly thereafter, newly appointed counsel filed a motion to withdraw the guilty plea on several grounds. After a hearing thereon, the trial court denied the motion, and Stinson appeals.[*] See *Carter v. Johnson*, 278 Ga. 202, 204 (2) (599 SE2d 170) (2004).

> "Although a guilty plea may be withdrawn anytime before sentencing, once a sentence has been entered, a guilty plea may only be withdrawn to correct a manifest injustice." [Cits.] The test for manifest injustice "will by necessity vary from case to case, but it has been said that withdrawal is necessary to correct a manifest injustice if, for instance, a defendant is denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges." [Cit.]

*Maddox v. State*, 278 Ga. 823, 826 (4) (607 SE2d 587) (2005). Two of these issues are raised in this appeal.

---

[*] The crimes occurred on November 18, 2006, and the grand jury returned an indictment on December 1, 2006. Stinson pled guilty on January 26, 2009 and, on that same day, the trial court entered the judgments of conviction and sentences. On February 20, 2009, the trial court received a letter from Stinson which it treated as a motion to withdraw the plea. On February 27, 2009, the trial court appointed new counsel, who filed a motion to withdraw the guilty plea on March 3, 2009 and amended it on March 13, 2009. The motion was orally denied at the hearing on March 31, 2009. Stinson filed a premature notice of appeal to the Court of Appeals on April 8, 2009, and a written order denying the motion to withdraw was entered on July 22, 2009, nunc pro tunc March 31, 2009. See *Pendley v. State*, 217 Ga. App. 394 (457 SE2d 681) (1995). The case was transferred by the Court of Appeals on August 6, 2009, docketed in this Court on August 18, 2009, and submitted for decision on the briefs.

1. Stinson first contends that his guilty plea was not entered knowingly and voluntarily.

(a) One of Stinson's arguments in support of this contention is that his testimony shows that he did not understand his rights under *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969), and that plea counsel failed to go over them before entry of the guilty plea.

On the day of the plea hearing, however, Stinson "signed a statement acknowledging that he understood the plea and the rights he was waiving." *Rios v. State*, 281 Ga. 181 (1) (637 SE2d 20) (2006). See also *Rogers v. State*, 286 Ga. 55, 56, fn. 2 (685 SE2d 281) (2009). At the hearing, both the prosecutor and the trial court "reviewed the [*Boykin*] rights [Stinson] would be waiving by pleading guilty, [cit.], and [he] waived those rights[,]" affirmatively responding when asked whether he understood them. *Rios v. State*, supra. See also *Rogers v. State*, supra at 56.

In its order denying the motion to withdraw the guilty plea, the trial court found that the State met its affirmative burden of proving Stinson's knowing and voluntary waiver of his rights "through its proffer of the guilty plea transcript, the waiver of rights form entered by [Stinson] upon entering the plea, and the testimony of" his plea counsel. These portions of the record support the trial court's finding. *Rogers v. State*, supra; *Jackson v. State*, 285 Ga. 840, 841 (1) (684 SE2d 594) (2009); *Rios v. State*, supra.

(b) Stinson also argues that he did not understand that one consequence of his guilty plea would be ineligibility for parole until he had served 30 years. See OCGA § 17-10-6.1 (c) (1). However, the defendant's lack of knowledge of such collateral consequences does not affect the voluntariness of the plea. *Williams v. Duffy*, 270 Ga. 580, 581-582 (1) (513 SE2d 212) (1999). "We have . . . distinguished, however, the failure to inform about those consequences from an affirmative misrepresentation about those consequences. [Cit.]" *Smith v. Williams*, 277 Ga. 778, 779 (1) (596 SE2d 112) (2004). Accordingly, we will proceed to address Stinson's separate contention that plea counsel rendered ineffective assistance by affirmatively misrepresenting parole eligibility.

2. To prove ineffective assistance of counsel with respect to a guilty plea, pursuant to *Hill v. Lockhart*, 474 U. S. 52 (106 SC 366, 88 LE2d 203) (1985), "a defendant must prove that his counsel was deficient, and that absent the deficiency, there is a reasonable probability that he would have proceeded to trial rather than pleading guilty. [Cit.]" *Smith v. Williams*, supra. " ' "(W)e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Cit.)' [Cit.]" *Seabolt v. State*, 279 Ga. 518, 520-521 (2)

(616 SE2d 448) (2005).

At the hearing on the motion to withdraw the guilty plea, Stinson testified that, on the day of the guilty plea and on the preceding Friday, plea counsel erroneously told him that he would serve only 20 years on the life sentence. However, both the plea sheet and the felony sentence sheet, which were signed by Stinson, specifically showed that he would be eligible for parole after serving 30 years. See *Leonard v. State*, 297 Ga. App. 515, 516 (677 SE2d 726) (2009). At the hearing on the motion, plea counsel testified that he advised Stinson that 30 years would be the minimum time which he would have to serve in order to become eligible for parole. The trial court recognized the conflict in the evidence and chose not to believe Stinson, but rather to accept the testimony of plea counsel.

The trial court's "factual findings and credibility determinations will be accepted unless clearly erroneous. [Cit.]" *Jackson v. State*, supra at 842 (2). Our review of the record reveals no such error. The trial court "was authorized to reject [Stinson's] version of the facts and credit instead the testimony of his counsel. [Cit.]" *Rios v. State*, supra at 182 (2). See also *Seabolt v. State*, supra at 521 (2).

Stinson's "failure to show any deficiency makes it unnecessary for us to address the issue of whether he was prejudiced by the alleged deficiency. [Cit.]" *Carson v. State*, 286 Ga. App. 167, 170 (2) (648 SE2d 493) (2007).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 8, 2010.

*Jason W. Swindle*, for appellant.

*David McDade, District Attorney, Ryan R. Leonard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Christopher R. Johnson, Assistant Attorney General*, for appellee.