### A11A1939. CAMPBELL v. THE STATE.
(721 SE2d 649)

BARNES, Presiding Judge.

A jury convicted Gregory Louis Campbell of driving under the influence of drugs to the extent that it was less safe to drive ("DUI – less safe"), possession of marijuana, speeding, and failure to change the address on his driver's license. The trial court denied his motion for new trial. Proceeding pro se, Campbell contends on appeal that the trial court erred in denying his motion to suppress.[1] For the reasons set forth below, we affirm.

> In reviewing a trial court's decision on a motion to suppress, we construe the evidence most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility of the witnesses are adopted unless they are clearly erroneous. Further, because the trial court is the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if any evidence supports them. However, when evidence is uncontroverted and no question of witness credibility is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.

(Punctuation and footnotes omitted.) *Hammont v. State*, 309 Ga. App. 395, 396 (710 SE2d 598) (2011). Moreover, "we may consider trial testimony in addition to the testimony submitted during the motion to suppress hearing." (Citation omitted.) *Davis v. State*, 304 Ga. App. 355, 356 (1) (696 SE2d 381) (2010).

Viewed in the light most favorable to the trial court's ruling, the record shows that at around midnight on February 4, 2009, an officer with the City of Woodstock Police Department was conducting speed enforcement along Interstate 92 in Cherokee County. Using a laser speed detection device, the officer measured the speed of the vehicle driven by Campbell at 63 miles per hour. The posted speed limit was 45 miles per hour.

---

[1] Campbell also claims that the trial court lacked subject matter and personal jurisdiction over him and that his trial counsel was ineffective for failing to raise these jurisdictional issues. These claims are without merit.

The officer initiated a traffic stop of Campbell's vehicle for speeding. When the officer subsequently approached Campbell's vehicle, he smelled what he believed in light of his training and experience was the "faint odor of burnt marijuana" emanating from inside the vehicle. The officer requested that Campbell and the front seat passenger produce their driver's licenses for examination, and both of them complied. When the officer asked Campbell if the address on his license was correct, he responded that the address was incorrect. Campbell further noted that he had lived at a different address for approximately one year. The officer also asked Campbell if there was anything in the vehicle "that [the officer] needed to be concerned about" such as "guns, knives, drugs, or bombs," and he responded, "nothing you need to be concerned about."

The officer returned to his patrol car and radioed for assistance in light of his observations and conversation with Campbell. As the officer ran a check on Campbell and his passenger's licenses, he noticed that Campbell appeared to be moving around in his vehicle as if he was "either moving something or try[ing] to conceal something in the back seat." A second officer arrived at the scene as backup, and he likewise observed that Campbell was moving around in his seat in a suspicious manner.

At that point, the first officer returned to the vehicle and directed Campbell to step outside onto the road, where the officer conducted a pat-down search for weapons. Campbell's eyes were bloodshot, but he denied having drunk any alcohol. The officer also could smell the odor of marijuana on Campbell's person, and he asked Campbell how much marijuana he had smoked. Campbell admitted that he had smoked part of a "blunt" about an hour before.

The first officer then administered a series of field sobriety tests, including the walk-and-turn test, the one-leg-stand test, and the eye convergence test.[2] On the walk-and-turn test, Campbell exhibited five clues of impairment. He exhibited three clues of impairment on the one-leg-stand test, after which Campbell told the officer, "You got me." During the eye convergence test, Campbell's left eye could not maintain contact with the stimulus and drifted away, likewise indicating impairment.

After administering the field sobriety tests, the first officer arrested Campbell for DUI – less safe. According to the officer, he arrested Campbell based upon the totality of the circumstances,

---

[2] The first officer also administered the horizontal gaze nystagmus test and the Romberg test, but Campbell did not exhibit any clues of impairment on those tests. The officer noted that based upon his training and experience, a person who has smoked marijuana will not exhibit any clues of impairment on the horizontal gaze nystagmus test unless the marijuana is "laced" with another substance such as PCP.

including that he was speeding, admitted to smoking marijuana, had the smell of marijuana on his person, and exhibited multiple clues of impairment during several of the field sobriety tests.

After being placed under arrest, a substance that later tested positive as marijuana and weighing 0.3 grams was seized from Campbell's right shoe. Campbell also was read the implied consent notice and agreed to take a State-administered blood test. The blood sample thereafter taken from Campbell at the hospital tested positive for THC metabolite, which was indicative of marijuana use.

Because Campbell filed this appeal pro se, we will construe his brief liberally. See *Beasley v. State*, 255 Ga. App. 522 (566 SE2d 333) (2002). Construed in this manner, Campbell argues that there was no probable cause justifying his arrest and that, as a result, the trial court should have excluded the results of his State-administered blood test and other evidence obtained after his arrest. His argument lacks merit.

In determining whether sufficient probable cause existed, "[t]he material inquiry is whether the facts within the [officer's] knowledge at the time of the arrest constituted reasonably trustworthy information sufficient to authorize a prudent person to believe that [Campbell] had committed that offense." (Citation and punctuation omitted.) *Pinch v. State*, 265 Ga. App. 1, 4 (2) (593 SE2d 1) (2003). "Probable cause need not be defined in relation to any one particular element, but may exist because of the totality of circumstances surrounding a transaction." (Citation and punctuation omitted.) *Norman v. State*, 214 Ga. App. 408, 409 (448 SE2d 219) (1994).

Here, Campbell was observed speeding, admitted to smoking marijuana, had the smell of marijuana on his person, had bloodshot eyes, and exhibited multiple clues of impairment during several of the field sobriety tests. In light of these combined circumstances, the arresting officer clearly had sufficient probable cause to arrest Campbell for DUI – less safe. See, e.g., *Albert v. State*, 236 Ga. App. 146, 149-150 (2) (511 SE2d 244) (1999), overruled in part on other grounds, *Baker v. State*, 252 Ga. App. 695, 702 (1) (556 SE2d 892) (2001); *State v. Sumlin*, 224 Ga. App. 205, 208 (4) (480 SE2d 260) (1997); *Knox v. State*, 216 Ga. App. 90, 90-91 (1) (453 SE2d 120) (1995). Accordingly, the trial court committed no error in denying Campbell's motion to suppress.[3]

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED DECEMBER 27, 2011 — 

---

[3] Campbell's request for an extension of time to file an amended brief is hereby denied. We likewise deny the State's motion to dismiss this appeal.

Gregory L. Campbell, *pro se.*

David L. Cannon, Jr., Solicitor-General, Barry W. Hixson, David M. McElyea, Assistant Solicitors-General, *appellee.*