**FOURTH DIVISION**
**DILLARD, C. J.,**
**RAY, P. J., and SELF, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**August 30, 2017**

# In the Court of Appeals of Georgia

A17A1106. PLATT v. THE STATE.

DILLARD, Chief Judge.

Bartholomew Platt, proceeding *pro se*, appeals the trial court's denial of his motion to withdraw his guilty pleas to theft by taking, false swearing, and second-degree cruelty to children, arguing that he is entitled to be represented by counsel on appeal, he was not informed of the correct sentencing range for one of his charges, and there was an insufficient factual basis to support his guilty plea to theft by taking. For the reasons that follow, we remand this case for further proceedings consistent with this opinion.

The record shows that on February 7, 2014, a convenience-store owner reported to law enforcement that some of his scaffolding, which was worth more than $1,500, had been stolen. An investigation ensued, and law-enforcement officers

ultimately "tracked [the scaffolding] down to SLM Recycling." The officers then determined that Platt had signed the scaffolding over to SLM Recycling, and falsely represented that he had the authority to do so. Based on this information, Platt was indicted in Case Number 14-CR-890 for theft by taking involving property worth more than $1,500 and false swearing. Then, on February 16, 2015, in a separate and apparently unrelated incident, Platt was caught on videotape outside a convenience store pushing a "young man" to the ground and holding him there.[1] As to that incident, in Case Number 15-CR-611, Platt was indicted for cruelty to children in the first degree.[2]

Following negotiations with the State on both cases, Platt agreed to plead guilty to theft by taking, false swearing, and second-degree cruelty to children. In exchange, the State agreed, in Case Number 15-CR-611, to reduce the first-degree cruelty-to-children charge (Count 7), a felony, to the lesser-included offense of second-degree cruelty to children, a misdemeanor. The State also agreed to nolle pros the six other

[1] Although the young man's age was not stated during the plea hearing, the indictment alleged that he was under the age of 18.

[2] In Case No. 15-CR-611, Platt was also indicted for three counts of child molestation, two counts of aggravated assault, and one count of terroristic threats. As discussed *infra*, the State agreed to nolle pros those counts as part of a negotiated plea deal, and thus, they are not relevant to the instant appeal.

2

charges in that case, which included three counts of child molestation, two counts of aggravated assault, and one count of terroristic threats. After a plea hearing, the trial court approved the negotiated guilty plea, determined that Platt's guilty plea was knowing and voluntary, and imposed the sentence that had been agreed upon by the parties. Specifically, Platt received a five-year sentence for theft by taking, a five-year sentence for false swearing, and a three-year sentence for second-degree cruelty to children, all of which to be served consecutively for a total sentence of 13 years.

Subsequently, on September 21, 2015, Platt filed a *pro se* motion to withdraw his guilty plea, summarily asserting that he received ineffective assistance of counsel. The trial court scheduled a hearing on the motion and appointed counsel to represent Platt in the matter. Platt's newly appointed counsel then filed an amended motion to withdraw Platt's guilty plea, abandoning the ineffective-assistance-of-counsel claim and arguing that the plea was involuntary because the State advised Platt that he faced a sentencing range for second-degree cruelty to children that was much higher than the one he actually faced. Nevertheless, following a hearing, the trial court denied Platt's motion. This appeal follows.

Although a guilty plea may be withdrawn anytime before sentencing, "once a sentence has been entered, a guilty plea may only be withdrawn to correct a manifest

3

injustice, and a trial court's refusal to allow withdrawal will not be disturbed on appeal absent a manifest abuse of discretion."[3] Further, while the test for manifest abuse of discretion will, by necessity, vary from case to case, withdrawal of a guilty plea is necessary to correct a manifest injustice if, for example, "a defendant is denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges."[4] With these guiding principles in mind, we turn now to Platt's specific claims of error.

1. Platt first contends that the trial court erred by failing to appoint him appellate counsel to represent him in this appeal.[5] We agree.

---

[3] *Earley v. State*, 310 Ga. App. 110, 112 (712 SE2d 565) (2011) (footnote and punctuation omitted); *accord Hall v. State*, 313 Ga. App. 670, 672 (2) (722 SE2d 392) (2012).

[4] *Stinson v. State*, 286 Ga. 499, 499 (689 SE2d 323) (2010) (punctuation omitted); *accord Maddox v. State*, 278 Ga. 823, 826 (4) (607 SE2d 587) (2005).

[5] In his appellate brief, Platt contends that the trial court appointed him counsel, but that his counsel later "abandoned him," thereby forcing him to file this appeal *pro se*. But it is unclear from Platt's brief whether he means that his counsel in the underlying plea-withdrawal proceedings improperly abandoned him after he filed the notice of appeal or that the court appointed *new* appellate counsel, who later abandoned him. In this regard, the record reflects that the trial court appointed counsel to represent Platt in the underlying plea-withdrawal proceedings, but after Platt filed his notice of appeal, the trial court did not appoint new appellate counsel. And it is also evident that Platt's counsel in the underlying proceeding has, for whatever reason, discontinued his representation of Platt. Construing Platt's *pro*

We begin by noting that the Supreme Court of the United States has held that "the Sixth Amendment right to counsel in criminal prosecutions applies to every critical stage in a criminal prosecution."[6] And the Supreme Court of Georgia has specifically held that "the plea withdrawal proceeding is a critical stage of the criminal prosecution[,]" and absent a valid waiver of counsel, a defendant is "entitled to counsel to assist him in seeking to withdraw his guilty plea[ ]."[7] Moreover, this Court has further held that "the right to counsel extends through the direct appeal of an order denying [a] defendant's motion [to withdraw his guilty plea]."[8]

---

se brief forgivingly, we interpret his argument to simply be that he has a constitutional right to appellate counsel, regardless of whether it is by continued representation by his counsel below or by the appointment of new counsel for this appeal. *See Campbell v. State*, 313 Ga. App. 436, 438 (721 SE2d 649) "Because [the appellant] filed this appeal pro se, we will construe his brief [forgivingly]."

[6] *Fortson v. State*, 272 Ga. 457, 458 (1) (532 SE2d 102) (2000) (citing *Gerstein v. Pugh*, 420 U.S. 103, 121 (III) (95 SCt 854, 43 LE2d 54) (1975)).

[7] *Fortson*, 272 Ga. at 459 (1); *see Young v. State*, 328 Ga. App. 91, 93 (761 SE2d 504) (2014) (noting that "the right to counsel obtains at proceedings on motions to withdraw a guilty plea").

[8] *Murray v. State*, 265 Ga. App. 119, 120 (592 SE2d 898) (2004); *see Schlau v. State*, 261 Ga. App. 303, 304 (2) (582 SE2d 243) (2003) ("[T]he right to counsel continues through the direct appeal of an order denying a motion to withdraw a guilty plea.").

As previously noted, Platt asserts that he is entitled to be represented by counsel in this appeal. Indeed, although the record does not reflect that Platt ever specifically requested the appointment of appellate counsel, "an [indigent] individual desiring an appeal [in a criminal case] need not, once a responsible state authority knows of the desire to appeal and knows of the status of indigency, specifically request appointment of appellate counsel."[9]

We acknowledge that our Supreme Court has explained—in the context of an indigent defendant's right to counsel in plea-withdrawal proceedings before the trial court—that an appellate court should consider whether the absence of counsel was prejudicial to the defendant.[10] And here, Platt was represented by counsel in his plea-withdrawal proceedings before the trial court, he has not alleged that his counsel below was ineffective, and his appeal addresses the merits of the only claim that his trial counsel preserved for appeal. Indeed, on appeal, Platt is limited to reasserting

---

[9] *Trauth v. State*, 295 Ga. 874, 875-76 (1) (763 SE2d 854) (2014); *accord Roberts v. Caldwell*, 230 Ga. 223, 224 (196 SE2d 444) (1973).

[10] *See Fortson*, 272 Ga. at 460 (2) (explaining that, after determining that the trial court had a duty to inform a defendant of his right to counsel in his plea-withdrawal proceedings or to obtain a valid waiver of counsel, the appellate court's next inquiry is whether the absence of counsel was prejudicial).

arguments that were raised before and ruled upon by the trial court.[11] And this is exactly what he has done. Indeed, in his *pro se* appellate brief, Platt has raised, *inter alia*, the only argument that was ruled upon by the trial court—*i.e.*, that his guilty plea was unknowing and involuntary because he was given the incorrect sentencing range for one of the three charged offenses.[12] Nevertheless, even if Platt's appellate brief is sufficient to allow this Court to review that claim on the merits, the Supreme Court of Georgia has cautioned that "[t]he vast majority of courts that have addressed the denial of the right to counsel at [a] critical stage in a criminal proceeding have reversed and remanded to the trial court with instructions to appoint counsel . . . ."[13] The Supreme Court has also explained that when a defendant claims his guilty plea

---

[11] *See Amica v. State*, 307 Ga. App. 276, 282 (2) (704 SE2d 831) (2010) (explaining that this Court is a court for correction of errors of law made by the trial court, which have as their bases specific rulings made by the trial court, and in the absence of such a ruling, the claim of error presents nothing for this Court to review); *Holland v. State*, 232 Ga. App. 284, 285 (2) (501 SE2d 829) (1998) ("This Court is a court for the correction of errors of law committed by the trial court below, and we need not nor do we consider issues presented for the first time on appeal.").

[12] The trial court also construed Platt's amended motion to withdraw his guilty plea as asserting a related claim that his prior counsel who represented him during the plea proceedings was ineffective for failing to inform him of the correct sentencing range that he faced for the cruelty-to-children charge. But the trial court rejected both claims on the same basis.

[13] *Fortson*, 272 Ga. at 460 (2) (footnote omitted).

was not knowingly and voluntarily entered, a harmless-error analysis in the context of the denial of that defendant's right to counsel is inappropriate.[14] We, like the Supreme Court, "are persuaded by those majority of cases holding that reversal and remand is the appropriate remedy for violations of this constitutional right."[15]

Thus, even if it is possible for us to consider the merits of Platt's claims now, and even if he would not ultimately be prejudiced by proceeding *pro se* on appeal, we follow our Supreme Court's direction that remanding the case for appointment of counsel is appropriate for the violation of a constitutional right.

---

[14] *See id.*

[15] *Id.* The sole case that the State relies on in arguing that this Court should decide this appeal on the merits even though Platt does not have appellate counsel is *Massey v. State*, 278 Ga. App. 303 (628 SE2d 706) (2006), which the State contends is "quite similar" to this case. But *Massey* is distinguishable in a material respect because, in that case, although the trial court denied the defendant's request for *new* counsel to represent him in his appeal from his plea-withdrawal proceedings, the defendant was still represented on appeal by his original trial counsel, and because he failed to show that his trial counsel's continued representation on appeal prejudiced him, we decided his appeal on the merits. *See Massey*, 278 Ga. App. at 306 (2). Here, Platt has no legal representation on appeal, which is in violation of his constitutional rights. *See, e.g. Leonard v. State*, 293 Ga. App. 808, 809 (1) (668 SE2d 321) (2008); *Murray*, 265 Ga. App. at 120; *Schlau*, 261 Ga. App. at 304 (2).

2. Given our holding in Division 1 that this case must be remanded to the trial court to consider Platt's clam that he is entitled to the appointment of appellate counsel, it is premature for this Court to address any of Platt's claims on the merits.

For all these reasons, we remand this case with direction that the trial court consider whether Platt satisfies the indigency requirement such that appointment of appellate counsel is warranted, and if so, appoint counsel to represent him on appeal.[16]

*Case remanded with direction. Ray, P. J. and Self, J., concur.*

---

[16] *See Schlau*, 261 Ga. App. at 304 (2) (vacate the trial court's order denying the defendant's motion for appointment of counsel to represent him on appeal from the denial of his motion to withdraw his guilty plea and remanding the case for a determination on the record as to whether the circumstances warrant appointment of appellate counsel).